**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
LARRY SNIDER,

                              Plaintiff,

          - against -

RUSSELL V. LUGLI and NORTHWESTERN
CONSULTANTS, INC.,

                           Defendants.
-----------------------------------------------------------X

**ORDER**

CV 10-4026 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Plaintiff Larry Snider ("Snider") brought this suit against Defendants Russell V. Lugli ("Lugli") and Northwestern Consultants, Inc. ("Northwestern") over an alleged breach of a joint venture agreement (the "Agreement") regarding the development of a property located in Bay Shore, New York. In addition to the breach of contract claim, Plaintiff also asserts claims against Defendants for breach of fiduciary duty and fraud. On June 3, 2011, Defendants served a subpoena on non-party witness Elizabeth Bloom requiring her not only to provide testimony at a deposition but also to produce "Bank account statements for any account of Elizabeth Bloom (individually or jointly with another) which show deposits from Harry Feingold or Savannah Development Corp. during the period of January 2006 to December 2009." Presently before the Court is Elizabeth Bloom's motion to quash the subpoena pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure and/or for a protective order under Rule 26(c).

For the reasons set forth in detail below, Elizabeth Bloom's motion to quash is hereby DENIED.

II.  **PARTIES' CONTENTIONS**

According to Elizabeth Bloom, she has no direct or indirect involvement in this pending action. Bloom asserts that she did not know any of the parties named in this action and has not had any involvement in the Agreement at issue, including the negotiations, drafting or execution of the same. Likewise, Bloom contends that she has no knowledge of any of the facts or circumstances surrounding any breach of the Agreement or any information pertaining to any potential damages suffered by the Plaintiff. It is Elizabeth Bloom's view that the only remote connection between her and this action is that her husband, Eliot Bloom, is a defendant in an unrelated federal case[1] brought by Lugli and Northwestern. Elizabeth Bloom represents that in the *Northwestern Consultants* action, Lugli and Northwestern allege that an agent of Northwestern misappropriated funds by transferring them to a bank account belonging to Elizabeth Bloom, for Eliot Bloom's benefit.[2]

In response, Defendants maintain that Eliot Bloom, Defendants' former attorney and husband to Elizabeth Bloom, has put his wife in the middle of his disputes, including the present action. Defendants assert that Elizabeth Bloom has information directly relevant to this action, namely that a good portion of the money paid by Plaintiff to become a co-venturer was paid to an account in the name of Elizabeth Bloom over a three-day period. Defendants also claim that

---

[1]  That case is captioned as *Northwestern Consultants, Inc., et al. v. Bloom, et al.* under Civil Docket 10-5087.

[2]  Elizabeth Bloom's attorney omits the fact that she is also a named defendant in the *Northwestern Consultants* action.

Elizabeth Bloom used her bank account as a conduit for her husband's illicit activities. Therefore, it is the Defendants' position that Elizabeth Bloom's testimony and statements will implicate her in this matter and bear on Eliot Bloom's culpability.

## III. <u>Applicable Standard</u>

### A. Motion to Quash Under Rule 45

Under Rule 45 of the Federal Rules of Civil Procedure, "[o]n timely motion, the issuing court must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." Fed. R. Civ. P. 45( c)(3)(A)(iii)-(iv). "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd. v. Briarpatch Ltd.*, 03 Civ. 1382, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003); *see also Salvatore Studios Int'l v. Mako's Inc.*, 01 Civ. 4430, 2001 WL 913945, at *1 (S.D.N.Y. Aug. 14, 2001) ("Rule 26(b)(1) of the Federal Rules of Civil Procedure restricts discovery to matters relevant to the claims and defenses of the parties. Here, the burden is on Mako's [who issued the subpoena] to demonstrate relevance."). "Once the party issuing the subpoena has demonstrated the relevance of the requested documents, the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is over-broad, duplicative, or unduly burdensome." *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No. 03 Civ. 5560, 2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008).

### B. Motion for Protective Order Under Rule 26

Rule 26(c) of the Federal Rules of Civil Procedure provides that:

> any person from whom discovery is sought may move for a protective order in the court where the action is pending–or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c)(1). A protective order may only be issued, however, after the movant demonstrates that good cause exists for the protection sought. *See In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987). "To show good cause, particular and specific facts must be established rather than conclusory assertions." *AMW Material Testing, Inc. v. Town of Babylon*, 215 F.R.D. 67, 72 (E.D.N.Y. 2003). If the movant "establishes good cause for protection, the court may balance the countervailing interests to determine whether to exercise discretion and grant the order." *Hasbrouck v. BankAmerica Hous. Servs.*, 187 F.R.D. 453, 455 (N.D.N.Y. 1999).

### IV. DISCUSSION

Before addressing the specific arguments raised in Elizabeth Bloom's motion, the Court is compelled to first address her contention that subpoenaing her is merely an attempt by the Defendant to relitigate the *Northwestern Consultants* action "which is not before this court and not joined to this case." As an initial matter, the Court notes that both matters are pending before this Court. In addition, the *Northwestern Consultants* case is in its infancy, with no discovery conducted thus far. At the same time, however, the allegations contained in *Northwestern*

4

*Consultants* are of no significance to the issue of whether certain discovery will be allowed in this action. The Court notes that Defendants were free to bring a Third Party Action in this case. Instead, Defendants decided to bring a separate action (*i.e.,* the *Northwestern Consultants* case) against Eliot and Elizabeth Bloom, among others. Once discovery commences in the *Northwestern Consultants* action, Defendants will have the opportunity to obtain whatever party discovery from Eliot and Elizabeth Bloom that is relevant to the claims alleged against them in the case. Notwithstanding the fact that certain facts and/or allegations in the two complaints will potentially overlap, however, will not preclude discovery that is relevant to this action from going forward.

    A.    **Relevance**

A subpoena issued to a non-party pursuant to Rule 45 is "subject to Rule 26(b)(1)'s overriding relevance requirement." *During v. City Univ. of N.Y.*, No. 05 Civ. 6992, 2006 WL 2192843, at *2 (S.D.N.Y. Aug 1, 2006). Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Relevance" under Rule 26 is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L.Ed. 2d 253 (1978). Therefore, the threshold issue a court must determine in any discovery dispute is whether the discovery sought is relevant. The scope of what is relevant is defined by the claims or defenses asserted.

While Elizabeth Bloom alleges that her testimony and bank records are irrelevant to any defense that may be interposed, Defendants assert that she has information directly relevant to this action, particularly with regard to the $102,500 paid by Plaintiff to become a co-venturer. It is Defendants' contention that this money was first paid to Savannah Development Corp. and approximately $75,000 was later paid to a bank account in the name of Elizabeth Bloom. According to Defendants, Elizabeth Bloom knows or should know the disposition of Plaintiff's money into her bank account and the use of that account. Therefore, it is Defendants' position that the fact that someone other than Defendants received Plaintiff's money bears directly on the issues in this case.

Plaintiff asserts in his Complaint that his investment was entrusted to Defendants in a corporate funds account and Defendants have refused to return his investment. Compl. ¶¶ 17, 22. Moreover, Plaintiff alleges that his investment was expended for personal use by Defendants. *Id.* ¶ 26. Not only do Defendants deny these allegations in their Answer, but they also assert an affirmative defense in which they claim that Plaintiff's losses were the result of "the active, affirmative and/or negligent conduct of third-parties over which these Defendants had no control and for whose actions these Defendants are not responsible and no recovery can be had." Answer ¶¶ 17, 22, 26, 41. Therefore, after considering the pleadings and the broad scope of discovery permitted under the Federal Rules, the Court finds that the requested bank account statements and the anticipated testimony of Elizabeth Bloom are relevant to this action. Notwithstanding this finding, the Court sees no basis to require Elizabeth Bloom to produce bank account statements dating back to January 2006. The Complaint asserts that Plaintiff was induced into making his $102,500 investment in March 2007. Compl. ¶ 9. Since any statements

prior to March 2007 would not be relevant to this action, the scope of the subpoena is hereby modified to March 2007 through December 2009.

**B.      Undue Burden**

While the Court finds the contents of the subpoena relevant, Elizabeth Bloom maintains that she has no personal knowledge of the matters and facts in dispute in this action. Consequently, it is her position that submitting to the subpoena would create an undue burden pursuant to Rule 45(c)(3)(iv).

In evaluating "undue burden," a court weighs the burden to the subpoenaed party against the value of the information to the party serving the subpoena. *See Ebbert v. Nassau County*, No. CV 05-5445, 2007 WL 674725, at *4 (E.D.N.Y. Mar. 5, 2007) (citing *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111 (D. Conn. 2005)). "[S]uch factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed" are considered. *United States v. Int'l Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979).

In the present circumstances, Elizabeth Bloom has failed to meet her burden of demonstrating that the subpoena is unduly burdensome. With regard to submitting to a deposition, the Court first notes that the only representation that Elizabeth Bloom lacks the personal knowledge of any information regarding this lawsuit is from her counsel. No affidavit was provided to the Court from Bloom attesting to her lack of knowledge. The representation of counsel is insufficient. *See Haber v. ASN 50th Street, LLC*, 272 F.R.D. 377, 383 (S.D.N.Y. 2011) (finding that even with regard to taking the deposition of high-level executives, "in the absence of an affidavit . . . the Court cannot conclude that he does not possess relevant

7

information and therefore declines to protect him indefinitely from a deposition"). The Court also finds persuasive the analysis in *Mali v. Federal Ins. Co.*, 248 F.R.D. 106 (D. Conn 2008). In the *Mali* case, which arose out of an insurance coverage dispute over a barn destroyed by fire, the court found that while the individual sought to be deposed may lack the personal knowledge of the structure or its contents, "his deposition testimony may indeed provide information relevant to the development of the defendant's defense." *Mali*, 248 F.R.D. at 107. Similarly, while Elizabeth Bloom may lack knowledge with respect to the Agreement, her testimony may provide information relevant to the defendants' defenses. Moreover, Elizabeth Bloom is, at the very least, in a unique position to testify as to the flow of money to and from her own personal bank account.

While the Court is cognizant of the special weight courts give to the burden on non-parties of producing documents for others involved in litigation (*see Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)), Elizabeth Bloom has failed to present an argument establishing that the production of the bank documents would present any burden at all.[3] As such, the Court finds no undue burden pursuant to Rule 45(c)(3)(iv).

### C. Intrusion of Privacy

In passing, Elizabeth Bloom also alleges that commanding her to "turnover her personal bank account records is an absolute intrusion into her privacy, given her lack of relevancy." Specifically, Elizabeth Bloom asserts that her banking records would reveal various personal information (*i.e.*, names and payments regarding choice of doctors, pharmacies and services for

---

[3] Instead, Bloom challenges the subpoenaed documents on privacy grounds which is addressed next.

her children) and highly sensitive information (*i.e.*, bank balances, social security numbers, addresses and phone numbers). To support her position that turning over this type of information would implicate privacy interests, Elizabeth Bloom relies upon *Solow v. Conesco, Inc.*, No. 06 Civ. 5988, 2008 WL 190340 (S.D.N.Y. Jan. 18, 2008). In *Solow*, the court ultimately quashed a subpoena seeking financial and other proprietary documents of a non-party witness based on the fact that the documents sought had no relevance to the claims or defenses in the fraud action. *See Solow*, 2008 WL 190340, at *5.

While an individual has a privacy interest in his or her own personal financial affairs, "even the confidentiality of personal financial matters must yield to the Federal Rules of Civil Procedure, which govern the discovery of information relevant to the claims and defenses in a federal court action." *Conopco, Inc. v. Wein*, No. 05 Civ. 9899, 2007 WL 2119507, at *2 (S.D.N.Y. July 23, 2007). This Court has already determined that the records sought and Elizabeth Bloom's testimony are relevant. Therefore, Bloom's reliance on *Solow* is misplaced. Although there is no basis established to quash the subpoena on privacy grounds, this is not to say that some of Elizabeth Bloom's concerns are not valid. However, such concerns can be resolved by a variety of available means. Personal information such as phone and social security numbers can be redacted. Likewise, the confidentiality of the financial information contained in the bank statements can be protected through an appropriate Stipulation and Order of Confidentiality Order limiting access to the records solely to Defendants' counsel, Attorney Lawlor, and Plaintiff Snider, and only for purposes of this litigation. *See Conopco*, 2007 WL 2119507, at *2.

### D. Cumulative/Duplicative Evidence

Next, Elizabeth Bloom contends that there is good cause for the Court to issue a protective order precluding her deposition since it would only produce evidence that is unreasonably cumulative or duplicative. At the outset, the Court notes that Bloom's request for a protective order can be denied on independent grounds that there is no certification that she conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. *See* Fed. R. Civ. P. 26(c)(1); *see also Palumbo v. Shulman*, No. 97 CIV 4314, 1998 WL 720668, at *2 (S.D.N.Y. Oct. 13, 1998) (denying motion because "defendants have not satisfied the prerequisite to making an application for a protective order[,]" which is a certification that a proper meet and confer was conducted prior to the motion's filing). However, even addressing the merits of Bloom's motion leads to the same result.

While Elizabeth Bloom is correct that Rule 26(b)(2)(C)(i) directs courts to limit the frequency or extent of discovery if the discovery sought is unreasonably cumulative or duplicative, the Court does not find that to be the case here. Bloom represents that good cause for the issuance of a protective order is evident in that the factual issues surrounding the funds transferred to her bank account is the subject of the *Northwestern Consultants* action. However, the Court fails to see how either Bloom's deposition or her bank statements can be considered cumulative or duplicative of discovery in the *Northwestern Consultant* action where discovery has yet to commence. The mere fact that two actions have similar facts which will inevitably lead to some overlapping discovery does not establish good cause warranting a protective order.

Bloom also submits that there is good cause to issue a protective order based on prior testimony given by Defendant Lugli during a deposition in a third litigation in this District captioned *Bloom v. Morley* under Civil Docket 10-1473. Specifically, Bloom maintains that Defendant Lugli "essentially admitted under oath that he authorized Harry Feingold to make the transfer to Elizabeth Bloom's bank account for the benefit of Eliot Bloom." After reviewing the relevant portion of the deposition transcript, the Court finds that the testimony does not support Elizabeth Bloom's ultimate position and also fails to provide the necessary good cause for the issuance of a protective order.

### E. Privileged Communications

Lastly, Elizabeth Bloom claims that any questions asked of her related to deposits into her bank account are privileged and should therefore be quashed under Rule 45. The purported privilege which Bloom claims is at issue here is the marital privilege which provides that "[a] husband or wife shall not be required . . . to disclose a confidential communication made by one to the other during marriage."[4] C.P.L.R. § 4502(b).

Elizabeth Bloom maintains that "any deposits made from or for any of the parties involved in this litigation would have been made for the benefit of Eliot Bloom and would have been discussed between Eliot and Elizabeth Bloom in the confidential communications between husband and wife." This conclusory statement presumes that every deposit made into Elizabeth Bloom's bank account that may be at issue in this case was discussed with her husband, Eliot. Moreover, the Second Circuit has stated that "the lower state courts have evinced a general

---

[4] Since this is a diversity case, the issue of privilege is governed by New York law. *See Dixon v. 80 Pine St. Corp.*, 516 F.2d 1278, 1280 (2d Cir. 1975).

disinclination to apply the [marital] privilege to business and financial communications." *G-Fours, Inc. v. Miele*, 496 F.2d 809, 812 (2d Cir. 1974). Based on Elizabeth speculative position and the relevant case law on the marital privilege, the Court declines to award the relief sought by Bloom at this time. Should questions come up during Elizabeth Bloom's deposition which counsel believes implicates this privilege, the parties may seek a ruling from the Court at that time.

V.  CONCLUSION

Based on the foregoing, Elizabeth Bloom's motion to quash the subpoena and/or for a protective order is hereby DENIED. Elizabeth Bloom's deposition is to be conducted no later than December 2, 2011. In addition, Attorney Capetola and Attorney Lawlor are directed to prepare and execute the necessary Stipulation and Order of Confidentiality and to file it on ECF within ten (10) days of this Order.

As the parties were directed at the July 1, 2011 Status Conference, a further conference is now scheduled for December 13, 2011, at 10:00 a.m. Defendants' counsel is directed to serve a copy of this Order on Plaintiff forthwith and to file proof of service on ECF.

**SO ORDERED.**

Dated: Central Islip, New York
November 4, 2011

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge