UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LARRY SNIDER,

                        Plaintiff,

      - against -

RUSSELL V. LUGLI and NORTHWESTERN
CONSULTANTS, INC.,

                      Defendants.
-----------------------------------------------------------X

**ORDER**

CV 10-4026 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      The Court has received a letter from *Pro Se* Plaintiff Larry Snider dated October 18, 2011 seeking "permission from this Court so that I can make a motion to hold Susan Lugli in contempt of court for failing to appear at a court ordered deposition in this matter on Friday, October 14, 2011." DE 55. Plaintiff states that he obtained a court ordered subpoena from the District Court for the Central District of California directing Defendant Russell Lugli's wife, Susan Lugli, to appear for a telephonic deposition on October 14, 2011. Plaintiff further asserts that he hired a process server in California who personally served the subpoena on Ms. Lugli. However, Ms. Lugli did not appear for the deposition. As a result, plaintiff asks this Court for permission to move for contempt against Susan Lugli.

      A subpoena can only be enforced by the federal district court which authorized the subpoena in the first instance. As this Court previously informed the plaintiff, this Court has no jurisdiction over Susan Lugli because she is not a resident of the Eastern District of New York and does not reside within 100 miles of the courthouse as provided for in Rule 45 of the Federal Rules of Civil Procedure. Rule 45 governs the geographic restrictions concerning service of

subpoenas. Not only is service of process geographically limited by Rule 45, but enforcement proceedings are as well. *Dynagy Midstream Servs v. Trammochem*, 451 F.3d 89, 95 (2d Cir. 2006). Rule 45(e) provides that failure to comply with a properly issued subpoena "may be deemed a contempt of **the court from which the subpoena issued**." Fed. R. Civ. P. 45(e); (emphasis added).

Consequently, this Court has no jurisdiction to enforce a subpoena issued out of the federal court for the Central District of California. If plaintiff wishes to enforce the subpoena or move for contempt, he must do so in the Central District of California where the subpoena was issued. Plaintiff's application is, therefore, denied, without prejudice and with the right to proceed to seek relief in the Central District of California. Defendants' counsel is directed to serve a copy of this Order on Plaintiff *pro se* forthwith and to file proof of service on ECF.

**SO ORDERED.**

Dated: Central Islip, New York
       November 4, 2011

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge